an error) could not have prejudiced the substantial rights of the appellants.

Judgment *affirmed*.

*Bullitt, for appellants.*

*Caldwell, Harlan, Scott, for appellees.*

---

Jᴀᴍᴇs MᴄLᴀᴜɢʜʟᴀɴ *v.* Jᴀᴍᴇs C. Hᴏᴡᴀʀᴅ, ᴇᴛᴄ.

**Ejectment—Vendee Occupies No Better Position than His Vendor.**

If appellant's vendor sanctioned the erection of the partition wall, he cannot occupy a more favorable position than he might if he had not conveyed the property.

**Ejectment—Action—Adverse Holding—Acceptance of Deed.**

If the defendant's position was that of an adverse holder and claimant of the ground, when the appellant accepted the deed, the plaintiff could not maintain his action.

APPEAL FROM KENTON CIRCUIT COURT.

June 21, 1871.

Oᴘɪɴɪᴏɴ ʙʏ Jᴜᴅɢᴇ Hᴀʀᴅɪɴ :

The evidence conduces to the conclusion that L. N. Sevians, the appellant's insolvent vendor, sanction the erection of the wall by Howard as a party wall; and if his coparceners did not also agree to or sanction it, they conveyed their interest to him, and he conveyed them, together with his own, as one of D. Sevians' heirs, after the erection of the wall, to the appellants. Thus acquiring the title we do not see how he can occupy a more favorable position in this case than his vendor might if he had not conveyed the property.

It seems to us, if the attitude of the defendant was that of an amicable occupant of the ground in dispute under the agreement for the erection of a party wall, that agreement should protect him from a recovery in this action at law, instituted as it was, without a demand for possession or an offer to rescind the agreement on equitable terms; and if his position was that of an

adverse holder and claimant of the ground when the appellant accepted the deed of L. N. Sevians, the plaintiff could not maintain his action. The instructions and rulings of the court with reference to the facts disclosed, if liable to some criticism, were, in our opinion, substantially correct, and the motion for a new trial was properly overruled.

Wherefore the judgment is affirmed.

*Fish, for appellant.*

*Benton, for appellees.*